[No. 14186.   Department One. — March 28, 1892.]

## G. GALLIANO, RESPONDENT, *v.* ROSA KILFOY, APPELLANT.

FORECLOSURE OF MORTGAGE — JUDGMENT BY DEFAULT — SUPPLEMENTAL COMPLAINT — COVENANT FOR INSURANCE — APPEAL — MODIFICATION OF JUDGMENT. — Where the plaintiff, in an action to foreclose mortgages upon real property, has, upon notice to the defendant, obtained leave to file a supplemental complaint asking judgment under covenants contained in the mortgages for moneys paid out for the insurance of the property, a judgment obtained by default thereafter, without additional service of the supplemental complaint, is erroneous, and will be modified upon appeal to the extent of the relief granted upon the supplemental complaint.

ID. — SERVICE OF SUMMONS — VARIANCE OF NAME — IDENTITY. — Where a defendant sued as "Rosa" Kilfoy has default entered against her by that name upon a return of service of summons upon "Rose" Kilfoy, described in the return as "one of the defendants," the names will be considered as substantially the same, and the identity of the person served as one of the defendants is *prima facie* established.

ID. — NAMES — IDEM SONANS. — The question whether one name is *idem sonans* with another is not a question of spelling, depending less upon the rule than upon the usage.

ID. — ALLOWANCE OF ATTORNEY'S FEES — REVIEW UPON APPEAL. — Where the record is not all before the appellate court, it cannot say that the attorney's fee allowed to the plaintiff was unreasonable.

APPEAL from a judgment of the Superior Court of Merced County.

The facts are stated in the opinion of the court.

*R. Percy Wright,* for Appellant.

The judgment is irregular and erroneous. It is based upon the original and supplemental complaints filed in the action, and the supplemental complaint was not served on the defendant Rosa Kilfoy. There is no difference between an amended complaint and a supplemental complaint as regards the necessity for service upon the adverse party. (Code Civ. Proc., secs. 464, 465.) Service of any amended or supplemental complaint filed, upon all the adverse parties who have not appeared and are to be bound by the judgment, is indispensable, when the judgment is to be taken by default. (*Elder* v. *Spinks,* 53 Cal. 293; *Thompson* v. *Johnson,* 60 Cal. 292; *Reinhart* v. *Lugo,* 86 Cal. 399; 21 Am. St. Rep. 52.) On appeal from a judgment by default, nothing will be presumed in its favor. The record must affirmatively show the existence of every material fact to give the court jurisdiction, and that all the proceedings were in accordance with the law. (Black on Judgments, sec. 93; *Schloss* v. *White,* 16 Cal. 65.) The proof of service of summons and the original complaint was not sufficient to justify the clerk's entry of the default of the defendant Rosa Kilfoy, and does not sustain the judgment rendered against her, as she was served as "Rose" Kilfoy. Difference of name *prima facie* imports difference of person, until identity is made to appear. (*McNally* v. *Mott,* 3 Cal. 235; *Hall* v. *Yoell,* 45 Cal. 586.) A much less difference of names than Rosa from Rose has frequently been held to be a variance. (*Garrison* v. *People,* 21 Ill. 538; *Cruikshank* v. *Comyns,* 24 Ill. 603; *Curtis* v. *Marrs,* 29 Ill. 511.) The amount allowed the plaintiff as attorney's fees was too

large, and should be reduced by the appellate court. (*Grangers' B. Ass'n* v. *Clark*, 84 Cal. 201.)

*T. C. Law*, for Respondent.

The point made by the appellant, that the service of summons and the original complaint were not sufficient, is not well taken, as the names "Rosa" and "Rose" are *idem sonans*. (*O'Meara* v. *North American Min. Co.*, 2 Nev. 121; *Dillahunty* v. *Davis*, 74 Tex. 344; *People* v. *Sutherland*, 81 N. Y. 1; *Petrie* v. *Woodworth*, 3 Caines, 219.)

GAROUTTE, J. — This was an action to foreclose two certain mortgages upon real property. A judgment by default was entered against all the defendants, from which judgment Rosa Kilfoy appeals. Pending the action a supplemental complaint was filed, asking judgment under certain covenants contained in the mortgages for moneys paid out for the insurance of the property. Respondent gave appellant written notice, to which was attached a copy of the supplemental complaint, that upon a certain day he would ask leave of the court to file such complaint. Thereafter the complaint was filed by permission of the court, and subsequently a default thereon was entered against appellant, without any additional service thereof. This was erroneous; a copy of the supplemental complaint should have been served upon appellant after it was filed, and the judgment should be modified to the extent of the relief granted by that complaint. (*Washburn* v. *Wilkinson*, 59 Cal. 538.)

Appellant attacks the proof of service. The defendant was sued as "Rosa" Kilfoy; the return shows the service to have been made upon "Rose" Kilfoy, "by delivering to "Rose" Kilfoy, one of the defendants, personally, in the city and county of San Francisco, state of California, a copy," etc. Upon this return a default was entered against "Rosa" Kilfoy. It was said in *Commonwealth* v. *Donovan*, 13 Allen, 571: "The question whether one name is *idem sonans* with another is not a question

of spelling, but of pronunciation, depending less upon *rule* than upon the *usage.*" In various languages "Rose" is pronounced "Rosa," and even in this country, in various communities and among various classes of people, that pronunciation is maintained. Indeed, it may well be said that they are substantially the same name, and taken in connection with the recital in the return, her identity as one of the defendants, as against nothing to the contrary, is *prima facie* established.

The record is not all before us, and in its absence we cannot say that the attorney's fee allowed to plaintiff was unreasonable.

Let the cause be remanded, and the judgment modified to the extent of the relief given by the supplemental complaint, and in all other respects let it be affirmed.

PATERSON, J., and HARRISON, J., concurred.