[Civ. No. 4454.   Fourth Dist.   Nov. 25, 1952.]

SIMON C. GERARDO, Respondent, v. JENNIE GERARDO, Appellant.

J. David Hennigan for Appellant.

Richard A. Fitzgerald for Respondent.

GRIFFIN, J.—Plaintiff husband filed an action for divorce against defendant wife, alleging cruelty. He particularly alleged that there was no community property and so testified at the hearing. After an amendment by interlineation by the court, as hereinafter indicated, the complaint recited that the minor child, aged about two years,

". . . is now in the custody of the defendant ~~and that in view of the tender age of said child,~~ [and] it appears to be for [be placed] his best interest and welfare to ~~remain~~ in the custody of ~~plaintiff~~ [defendant] ~~defendant~~ for the time being, subject to the right of ~~plaintiff~~ to visit said child and have said child with him at reasonable times."

Plaintiff then prayed that the custody and control of the minor child "be awarded to ~~defendant~~ [plaintiff], with right of reasonable visitation and temporary custody from time to time reserved to ~~plaintiff~~ [defendant]."

There is no prayer for an award of any property and no allegation that either party was or was not a fit and proper person to have custody of the child.

Defendant was duly served with process and a copy of the complaint as originally drawn. Apparently, being satisfied that plaintiff should obtain a divorce and that the custody of the child be awarded to her as prayed for therein, she defaulted. At the hearing, defendant not being present, testimony was taken. The evidence disclosed that defendant had two other children prior to her marriage to plaintiff (claimed by plaintiff to have been born out of wedlock), and that those children were awarded to the juvenile court.

Plaintiff testified that he was receiving total disability benefits from the government amounting to $85.52 per month and that it was sending $32 of that amount to defendant for the support of the child; that prior to the separation plaintiff's wife worked and he cared for the child at times. When asked by the court if he could take care of it plaintiff answered: "That is up to you if you want me to have it," that he would live with his mother and stepfather in

Casa Blanca and she "cook pretty well"; that defendant did not have a father or mother living here.

After hearing other evidence pertaining to the alleged cruelty, the court orally announced that the divorce would be granted and that the immediate custody of the child would be awarded to plaintiff. Counsel for plaintiff then, on January 15, 1952, announced he would prepare a decree accordingly and would send a copy to Washington so plaintiff would be able to obtain the full amount of his disability benefit.

At some stage of these proceedings, apparently after default was entered, and after the proceedings were had before the court, the trial judge, without notice to defendant, ordered the clerk to amend the allegations of plaintiff's complaint by interlineation, by striking out certain portions and adding other words, as heretofore indicated, so as to allege that it was for the best interests of the child that the plaintiff be awarded custody of it. On the following day the court entered an interlocutory decree of divorce and ordered that plaintiff have immediate custody of the child, subject to the right of visitation by defendant at reasonable times; and ordered that the washing machine, baby bed, all clothing, and bedding be awarded to plaintiff.

Defendant obtained an attorney and appealed from that portion of the judgment awarding custody of the child to plaintiff and awarding the property mentioned to him.

Subsequently, this court, after hearing a recitation of the merits of the appeal, and upon proper application and showing, granted a writ of supersedeas staying the execution of that part of the judgment pending appeal. A social worker of the Department of Welfare of that county made an affidavit showing that defendant was quite able to take proper care of the child. An affidavit of defendant recites that plaintiff was not a proper person to care for it because he struck and beat the child; that she found him black and blue and crying from a beating administered by the plaintiff; that when she returned home on one occasion she found the child tied to the bed in a "spread eagle position"; that plaintiff is drawing total disability pension for mental illness; that he is subject to attacks and while in the veterans' hospital "had been kept in a straight jacket."

It is appellant's contention (1) that the amendment of the complaint and prayer by the court was void; (2) the court had no power to grant relief beyond the scope of the

pleadings; (3) the amendment was not proper even had it been served; (4) the judgment as to custody is not supported by the evidence; and (5) that this court should amend the decree and order it entered in accordance with the allegations and prayer of the complaint, as originally served on the defendant. It is also contended that the court was without jurisdiction to award the property to the plaintiff under the pleadings and evidence.

Plaintiff contends that the amendment was allowable where it was made to conform to the proof and facts in issue, and cites 21 California Jurisprudence, page 207, section 142. The cases referred to under the citation bear upon actions where the parties appeared and were before the court. He also cites *Ex Parte Gordan*, 95 Cal. 374 [30 P. 561], in support of the judgment and claims that the court had jurisdiction of the child regardless of the pleadings and prayer, and under section 138 of the Civil Code could award the custody to any person without a finding or allegation as to fitness of the parties. In that action it should be noted that both parties appeared and contested the question of custody.

It is well established law that where, after the default of a defendant has been entered, the complaint is amended in matters of substance as distinguished from mere matters of form, the amendment opens the default and unless the amended pleading be served on the defaulting defendant, no judgment can be entered on the default. (*Stack* v. *Welder*, 3 Cal.2d 71 [43 P.2d 270].) There is therefore presented the question of whether the amendment made by the court was an amendment of substance and whether the relief granted exceeded the relief sought by the allegations of plaintiff's original complaint and prayer for relief, and whether defendant had a right to rely upon the belief that no judgment would be entered in excess of or contrary to that sought.

Although a motion to be relieved of default under section 473 of the Code of Civil Procedure may have been more appropriate, it does appear to us that the defendant should have been served with an amended complaint and afforded an opportunity to be heard, particularly where the amendments made by the court were so at variance with the pleadings and prayer, and where both plaintiff and defendant were apparently relying on the allegations of the complaint as originally served, and where both parties apparently believed that defendant, under such pleadings, would retain custody of the child and would continue to receive a portion of the disability benefit allowance for its care.

That portion of the judgment awarding custody to plaintiff therefore should be reversed. ■ A copy of the complaint with such amendments as are necessary, should be served upon defendant and she should be given an opportunity, within a reasonable time, to appear and answer, if she be so advised, to the end that a full hearing might be had on the merits as to which party is a fit and proper person, so that a proper order may be made as to custody. (Code Civ. Proc., §§ 432, 472, 473, 580; *Knox* v. *Atchison T. & S. F. Ry. Co.*, 95 Cal.App.2d 896 [214 P.2d 589] ; *Darsie* v. *Darsie*, 49 Cal.App.2d 491 [122 P.2d 64] ; Civ. Code, § 138; *Burtnett* v. *King*, 33 Cal.2d 805 [205 P.2d 657, 12 A.L.R.2d 333].) The portion of the judgment awarding the property mentioned to plaintiff, under the pleadings as framed, is not supported by the evidence and must be reversed. (*Burtnett* v. *King, supra.*)

The portions of the judgment appealed from are reversed.

Barnard, P. J., and Mussell, J., concurred.