[Civ. No. 18788.   First Dist., Div. Two.   June 28, 1960.]

EUGENE A. TALIAFERRO, Appellant, v. MARGARET RIDDLE et al., Defendants; DOROTHY D. TALIA-FERRO, Respondent.

Eugene A. Taliaferro, in pro. per., for Appellant.

Frisbie & Hoogs for Respondent.

DRAPER, J.—Plaintiff appeals from an order setting aside the default of Dorothy, his former wife, who is one of a number of defendants originally joined in this action. The complaint was filed in 1950. On December 12, 1958, notice of overruling of respondent's demurrer to the complaint was served upon her then attorney, who obtained an order extending her time to answer to January 12, 1959. On a date not disclosed by the record, but between January 12 and February 9, 1959, respondent's default was entered. Judgment upon the default was entered only against respondent on February 9, and respondent's motion to vacate the default was filed February 16, 1959.

Affidavits in support of respondent's motion were filed by her former attorney of record in this case, Mr. Moses, and by her present attorney, Mr. Hoogs. Both emphasize the number and complexity of the proceedings between the parties hereto. Mr. Hoogs avers that he had become so "confused and confounded" by the many cases and the variety of procedural steps taken in each that he found it "extremely difficult to keep an accurate" calendar of the time required for each act to be done in behalf of his client. Mr. Moses also states that the death of a relative on January 12, 1959, left him "personally upset and preoccupied."

The litigious history of appellant's disputes with his former wife (see *Taliaferro* v. *Taliaferro*, 178 Cal.App.2d 140 [2 Cal.Rptr. 716] and *Taliaferro* v. *Taliaferro*, 180 Cal.App.2d 44 [4 Cal.Rptr. 693] for a brief summary of a portion of this litigation) lends weight to the view that the confusion of the two attorneys was not unreasonable. Neglect of an attorney in less complex circumstances has been held excusable (*Shively* v. *Kochman*, 23 Cal.App.2d 420 [73 P.2d 637]) and pressure of legal business accumulated because of concern over the illness of a son has been similarly recognized (*Stub* v. *Harrison*, 35 Cal.App.2d 685 [96 P.2d 979]).

An order setting aside a default is viewed with favor on appeal and will be reversed only when "it clearly appears that there has been a plain abuse of discretion" (*Hover* v. *MacKenzie*, 122 Cal.App.2d 852, 856 [266 P.2d 60]; *Andres* v. *Armstrong*, 168 Cal.App.2d 344 [335 P.2d 1005]). All presumptions favor such an order, and the burden is on

appellant to show an abuse of discretion (*Stub* v. *Harrison, supra*).

In light of these rules, and in view of respondent's promptness in moving to set aside her default, we conclude that no abuse of discretion by the trial court has been shown.

Order affirmed.

Kaufman, P. J., and Stone, J. pro tem.,* concurred.

A petition for a rehearing was denied July 28, 1960.

---

*Assigned by Chairman of Judicial Council.