[Civ. No. 20062. First Dist., Div. One. June 17, 1963.]

EUGENE A. TALIAFERRO, Plaintiff and Appellant, v. DOROTHY D. TALIAFERRO, Defendant and Respondent.

---

*Now California Rules of Court, rule 2(a).
**Now California Rules of Court, rule 2(b) (2), (4).

Eugene A. Taliaferro, in pro. per., for Plaintiff and Appellant.

Frisbie & Hoogs and W. H. Hoogs for Defendant and Respondent.

BRAY, P. J.—Plaintiff appeals from an order setting aside default and default judgment.[1]

QUESTION PRESENTED

Did the court abuse its discretion in setting aside the default?

[1] This is another episode in what was denominated in *Taliaferro* v. *Biddle* (1960) 182 Cal.App.2d 235, 236 [5 Cal.Rptr. 874], as "The litigious history of appellant's disputes with his former wife."

RECORD

Plaintiff filed a complaint against defendant Dorothy Taliaferro (now Dorothy Davis) to quiet title to certain property in Contra Costa County. Defendant defaulted but such default was set aside on July 26, 1954. No appeal was taken from the order setting aside the default. Defendant's demurrer to the complaint was overruled, and her default was again taken, but was set aside. An appeal was taken from the order setting aside that default. The order setting aside the default was affirmed in *Taliaferro* v. *Riddle* (1960) 182 Cal.App.2d 235 [5 Cal.Rptr. 874]. Thereafter plaintiff moved to file an "Amendment to Complaint."[2] The motion was granted and on October 25, 1960, the "Amendment to Complaint" was filed. Although a copy of the latter was attached to the notice of motion for permission to file it, served upon defendant, the record shows and it is conceded that the "Amendment to Complaint" was never served upon defendant after permission to file it was given by the court nor after it was filed. On December 13, 1961, the default of defendant for failing to answer said "Amendment" was taken and judgment entered against her. January 20, 1961, defendant moved to set aside the default and default judgment. February 16, the court entered its order setting aside the default and the judgment. This appeal is from that order.

THE ORDER SETTING ASIDE THE DEFAULT AND
JUDGMENT

The motion to set aside was based upon the claim that neither the amendment to the complaint nor any amended complaint was served upon defendant after permission of court was obtained and the amendment to the complaint then filed. The affidavit of service upon which basis defendant's default was entered merely shows service of the "Notice of Motion for Leave to Amend" and "Amendment to Complaint." Plaintiff contended and now contends that no service was necessary for the reason that a copy of the proposed amendment accompanied the notice of motion for leave to amend. Under the circumstances of this case such service was not enough. No notice of the granting of the motion was served upon defendant, nor does the record indicate that defendant had any knowledge of the granting of the mo-

---

[2]The "Amendment to Complaint" added to the complaint a second and distinct cause of action seeking to quiet title to some 25 parcels of land.

tion. Section 432, Code of Civil Procedure, provides: "If the complaint is amended, a copy of the amendments must be filed, or the court may, in its discretion, require the complaint as amended to be filed, and a copy of the amendments or amended complaint must be served upon the defendants affected thereby."

A default judgment based upon an amended complaint which has not been served cannot stand. (*Reinhart* v. *Lugo* (1890) 86 Cal. 395, 399 [24 P. 1089, 21 Am.St.Rep. 52].) In *Galliano* v. *Kilfoy* (1892) 94 Cal. 86 [29 P. 416], the situation was similar to that in the case at bench. There the respondent gave the appellant written notice that upon a certain day he would ask leave of court to file a supplemental complaint. Attached to the notice was a copy of the supplemental complaint. Permission being granted, the respondent filed the supplemental complaint, but thereafter did not serve the appellant. The respondent then took the appellant's default for failure to answer that complaint. On appeal, it was held that the taking of the default was erroneous, as the complaint should have been served. (See *Elder* v. *Spinks* (1878) 53 Cal. 293, 294.) In *Billings* v. *Palmer* (1905) 2 Cal.App. 432, 433 [83 P. 1077], it was held that until the amended complaint is filed, after permission of court, "there is no amended complaint and there can be no service of it."

In *Hinds* v. *Superior Court* (1924) 65 Cal.App. 223, 226 [223 P. 422], it was held that where the defendant's attorneys had been served with a copy of the amended complaint accompanying the notice of motion for permission to file it, and those attorneys were present in court when the court made its order granting permission to file the amended complaint, no further service was required. This holding is complicated by the fact that the main ground of the court's decision was that the defendant's application to set aside the default under section 473, Code of Civil Procedure, was too late as it was filed more than 6 months after default taken, and further by the fact that the court merely made the bald statement of non-necessity of service without any discussion thereof and did not base its determination on any authority, nor did it consider any of the above mentioned authorities holding that service is necessary.

Moreover, the situation here is different from that in *Hinds* in that it does not appear that the order granting permission to file the amendment to complaint was made at the time of the hearing of the motion or in the presence of de-

220

fendant's attorney, nor is there any showing that he had knowledge of the order.

It is the policy of the law that every case should be heard upon the merits where possible; that a motion to set aside a default is one addressed to the sound discretion of the court; that the ruling on such motion will not be reversed in the absence of a clear showing of abuse of discretion; that section 473 is a remedial provision to be liberally construed to the end that cases be disposed of upon their merits. (*Gore* v. *Witt* (1957) 149 Cal.App.2d 681, 685 [308 P.2d 770].) There was no abuse of discretion in our case.

While defendant's notice of motion to set aside default could have been better drawn to make it more clearly appear that the motion was to be made under section 473, it is sufficient for that purpose. Where, as here, concededly no service of the amended complaint was made after permission to file it was given, the court properly considered the motion even if it could be considered as not being made under section 473. Applicable here is the language in *Gerardo* v. *Gerardo* (1952) 114 Cal.App.2d 371, 374 [250 P.2d 276] : "Although a motion to be relieved of default under section 473 of the Code of Civil Procedure may have been more appropriate, it does appear to us that the defendant should have been served with an amended complaint and afforded an opportunity to be heard, . . ."

Order affirmed.

Sullivan, J., and Molinari, J., concurred.