[No. B002681. Second Dist., Div. Four. Oct. 4, 1984.]

JOHNNIE MERRY TYUS, Plaintiff and Appellant, v.
JAMES EDWIN TYUS, Defendant and Respondent.

**COUNSEL**

Alan D. Sirota for Plaintiff and Appellant.

Laura L. Glickman, Hunter & Ryan and Daniel B. Hunter for Defendant and Respondent.

**OPINION**

**ARGUELLES, J.**—Appellant, Johnnie Merry Tyus (wife), appeals that part of a 1983 California judgment which declined to give full faith and

credit to a 1975 Texas judgment of divorce awarding her 22.5 percent of the military retirement pay of respondent, James Edwin Tyus (husband).

FACTS

On October 6, 1975, a Texas judgment of divorce was entered by which wife was awarded 22.5 percent of husband's United States Air Force retirement benefit, including any cost of living increases, beginning with the October 1975 payment. By the terms of the judgment, husband was made the trustee of wife's share of the benefit payments and was ordered to forward those payments to wife immediately upon their receipt.

No appeal was taken from the Texas judgment.

Sometime after the judgment was entered, husband moved to California. Wife remained a resident of Texas.

On May 14, 1981, wife filed her complaint to establish the Texas divorce judgment as a California judgment, alleging the 1975 entry of the Texas divorce judgment and its finality. Husband contested various terms of the judgment, including the continued validity of the military retirement pay award.

On June 26, 1981, the United States Supreme Court decided *McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728], which held that the state courts were precluded from awarding military retirement pay to the nonearning spouse as community property upon divorce, due to preemption of the subject by the federal legislation establishing military retirement pay, which had the legislative purpose of benefiting the earning spouse.

By stipulation entered May 7, 1982, the parties agreed to terms of visitation and child support, but reserved the issue of husband's military retirement pay for submission to the California court.

After trial on May 27, 1982, it was ordered that the Texas judgment, incorporating the terms of the California stipulation, was established as a California judgment, except for that part of the Texas judgment which awarded wife 22.5 percent of husband's military retirement pay. The California court declined to accord full faith and credit to the military retirement pay award, but ordered that the Texas courts could enforce that award.

The court based its decision upon *McCarty,* finding that *McCarty* precluded California from entering the final Texas judgment as a California

judgment, and, therefore, that the Texas judgment was not entitled to full faith and credit.

Judgment was entered pursuant to the May 27, 1982, order on July 19, 1983.

This appeal followed.

## CONTENTIONS

Wife contends on appeal that the 1975 Texas judgment was entitled to full faith and credit in the courts of this state without regard to *McCarty,* and thus, that the Texas judgment was entitled to be entered as a California judgment (see Code Civ. Proc., §§ 1710.10-1710.65) and to be enforced against husband in this state.

We have concluded that wife's contentions are correct, and that the California judgment must be reversed as to the military retirement pay.

## DISCUSSION

Under the United States Constitution, each state must give full faith and credit to the judicial proceedings of every other state. (U. S. Const., art. IV, § 1.) In California, the constitutional requirement is reflected in Code of Civil Procedure section 1913, which provides that the effect of a judicial record of a sister state is the same in this state as in the state where it was made.

■ Under the full faith and credit clause, full res judicata effect attaches to a sister state judgment when the party sought to be bound by the judgment participated in the litigation and had a full opportunity to contest the sister state court's jurisdiction. (*Sherrer* v. *Sherrer* (1948) 334 U.S. 343, 346, 351-352 [92 L.Ed. 1429, 1433, 1436-1437, 68 S.Ct. 1087, 1 A.L.R.2d 1355]; *Craig* v. *Superior Court* (1975) 45 Cal.App.3d 675, 680 [119 Cal.Rptr. 692].)

This means that the sister state judgment bars relitigation in California of any issue which was, or could have been litigated in the sister state action. (See *Estate of Casimir* (1971) 19 Cal.App.3d 773, 779 [97 Cal.Rptr. 623].)

Moreover, the Restatement of Laws points out that sister state judgments are entitled to full faith and credit even as to matters of law or fact erroneously decided. (See Rest.2d Conf. of Laws, § 106.)

■ Under the above authorities, the 1975 Texas judgment was entitled to be enforced in this state, absent the application of an exception to the full faith and credit requirements.

Respondent's assertion that the Texas award of his retirement pay is not entitled to enforcement in California because it contravenes public policy is without merit. ■ As discussed hereafter, commentators and judicial opinions have pointed out that there is no public policy exception to the requirement that sister state judgments be recognized; there is only a limited exception where a sister state judgment contravenes an important interest of the state in which enforcement is sought.

The United States Supreme Court has established that the full faith and credit clause requires states to recognize the judgments of courts of sister states, according them full res judicata effect, even though the judgment would be in conflict with the policy of the enforcing state. (*Magnolia Petroleum Co.* v. *Hunt* (1943) 320 U.S. 430, 439 [88 L.Ed. 149, 155, 64 S.Ct. 208, 150 A.L.R. 413]; see 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 19.)

*Thomas* v. *Washington Gas Light Co.* (1980) 448 U.S. 261, 277, 281, 286 [65 L.Ed.2d 757, 770, 773, 776, 100 S.Ct. 2647], did not change that rule. In that case, the Supreme Court overruled *Magnolia Petroleum Co.* v. *Hunt, supra,* 320 U.S. 430, insofar as it held that one state's administrative award of workers' compensation could absolutely preclude another state's supplemental award to a worker entitled to receive compensation in either jurisdiction. However, the court reaffirmed the fundamental principle that one state's judgment is entitled to full faith and credit in another state, and that an ultimate fact determined by a final judgment in one state must still be given full res judicata effect in another. (*World Wide Imports, Inc.* v. *Bartel* (1983) 145 Cal.App.3d 1006, 1011 [193 Cal.Rptr. 830]; see also *Durfee* v. *Duke* (1963) 375 U.S. 106, 109 [11 L.Ed.2d 186, 189 84 S.Ct. 242]; *Sherrer* v. *Sherrer, supra,* 334 U.S. 343, 349, 350 [92 L.Ed. 1429, 1435, 1436].)

The Restatement of Laws does not provide an exception for the recognition of sister state judgments which are merely against the public policy of the enforcing state. (See Rest.2d Conf. of Laws, §§ 93, 103-121.) An exception may rarely exist when the sister state judgment would interfere with "important interests" of the enforcing state. (See *ibid.,* § 103.) However, a valid judgment will be enforced in another state "even though the strong public policy of the latter [enforcing] State would have precluded recovery in its courts on the original claim." (See *ibid.,* § 117.)

California opinions have expressed the rule as follows: "[T]he law is well established that upon a claim that a foreign judgment is not entitled to full faith and credit, the permissible scope of inquiry is limited to a determination of whether the court of forum had fundamental jurisdiction in the case. . . . [¶] [T]he California law is clear that the differing public policy or laws of the enforcing state cannot contravene the full faith and credit clause of the Constitution. As has been repeatedly stated, California must, regardless of policy objections, recognize the judgment of another state as res judicata . . . ." (*World Wide Imports, Inc.* v. *Bartel, supra,* 145 Cal.App.3d 1006, 1010-1011.)

"The rare exceptions to the application of the full faith and credit clause arise only when there is a violation of some *fundamental state* public policy." (*United Bank of Denver* v. *K & W Trucking Co.* (1983) 147 Cal.App.3d 217, 222 [195 Cal.Rptr. 49]; italics added.)

 Additionally, California has no public policy or state interest which would oppose an award of military retirement pay to the nonearning spouse upon dissolution of marriage.

California held, before *McCarty,* that military retirement pay could be community property. (See *In re Marriage of Fithian* (1974) 10 Cal.3d 592 [111 Cal.Rptr. 369, 517 P.2d 449].) Therefore, California can have no important interest which would preclude enforcement of the 1975 Texas award of husband's military retirement pay.

Husband contends that the California court was not required to enforce the Texas judgment, since, under *McCarty,* California courts could not enforce their own final judgments awarding military retirement pay as community property. However, California courts have held that *McCarty* does not apply to California cases which were final on the date when the *McCarty* decision was rendered (June 26, 1981), and which divided military retirement pay as community property. (See *In re Marriage of Parks* (1982) 138 Cal.App.3d 346 [188 Cal.Rptr. 26]; *In re Marriage of McGhee* (1982) 131 Cal.App.3d 408 [182 Cal.Rptr. 456]; *In re Marriage of Fellers* (1981) 125 Cal.App.3d 254 [178 Cal.Rptr. 35].) There has been no showing that the Texas rule is otherwise.

When *McCarty* was decided, the 1975 Texas judgment became, at most, erroneous as a matter of law. However, as a final judgment, it was entitled to res judicata effect even on matters erroneously decided and, therefore, was entitled to full faith and credit in the courts of this state.

On September 9, 1982, the President signed into law the Uniformed Services Former Spouses' Protection Act, which provides that states may di-

vide military retirement pay as community property, effective February 1, 1983. (See Pub.L. No. 97-252, § 1006 (Feb. 1, 1983) 96 Stat. 730 (1982).) However, we need not consider the parties' contentions regarding this legislation, as the Texas decree became final before the *McCarty* decision was rendered and, therefore, was not affected by that decision or subsequent legislation.

## DISPOSITION

The judgment is reversed, insofar as it declines to accord full faith and credit to the provisions of the Texas judgment awarding wife 22.5 percent of husband's military retirement pay and making husband trustee of those amounts for the benefit of wife, and the superior court is directed to make a new and different judgment according full faith and credit to the Texas judgment in those respects.

McClosky, Acting P. J., and Title, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 28, 1984.

---

*Assigned by the Chairperson of the Judicial Council.