[No. B007552. Second Dist., Div. Three. July 11, 1985.]

SILBRICO CORPORATION, Plaintiff and Respondent, v. PERRY RAANAN, Defendant and Appellant.

COUNSEL

Burris, Karp & Mooney and Donald S. Burris for Defendant and Appellant.

Garfield, Tepper & Ashworth, Kim R. Westhoff and Christopher Ashworth for Plaintiff and Respondent.

OPINION

ARABIAN, J.—

## INTRODUCTION

Defendant and appellant Perry Raanan (appellant) appeals a California judgment which gave full faith and credit to a Wisconsin money judgment rendered in favor of plaintiff (judgment creditor) and respondent Silbrico Corporation (Silbrico). Affirmed.

## FACTS

The original litigation in this action arose out of a roofing project at a Wisconsin shopping center. That litigation was settled and a "Stipulation and Order for Dismissal" was filed in the Wisconsin Circuit Court on October 21, 1982.

The stipulation was signed by, inter alia, appellant's attorney on September 30, 1982, in Milwaukee, Wisconsin. The stipulation provided that appellant would pay $12,500 to Silbrico's attorneys, but in the event that sum was not paid, written notice of default was to be given to the defaulting party and, if the default was not cured within seven days of such notice, judgment could be entered in the amount of $16,000.

On February 24, 1983, the $12,500 not having been paid, Silbrico moved the Wisconsin court for judgment in the amount of $16,000. Silbrico's motion was supported by the affidavit of Silbrico's attorney, who averred that on October 25, 1982, he notified appellant's attorney of the default pursuant to the provisions of the stipulation. He further averred that the default was not cured and that no sums whatever had been paid by appellant to Silbrico

or to its attorneys. On March 3, 1983, judgment was entered in the Wisconsin Circuit Court in the amount of $16,000.

On July 28, 1983, pursuant to Code of Civil Procedure section 1710.25,[1] a California judgment was entered in the Los Angeles Superior Court based on this sister state money judgment.

On November 17, 1983, appellant moved to vacate the July 28, 1983, California judgment pursuant to Code of Civil Procedure 1710.40[2] on the grounds that the Wisconsin judgment violated his due process rights to trial, notice and hearing and that he was not *personally* given notice of the default as required by the terms of the stipulation.

Thereafter, the parties stipulated to take appellant's motion to vacate the California judgment off calendar. Then, in order to cure appellant's claim of inadequate notice, Silbrico caused the March 3, 1983, Wisconsin judgment to be vacated and on February 20, 1984, caused a new Wisconsin judgment to be entered in the Wisconsin Circuit Court.

In support of its motion for entry of a new Wisconsin judgment, Silbrico had submitted the affidavit of its attorney, who averred that on December 2, 1983, appellant and his attorney were again officially notified of the default pursuant to the terms of the stipulation for dismissal, that the letter was received by appellant on December 6, 1983, and that the default had still not been cured nor any sums paid to Silbrico.

Silbrico then moved in the Los Angeles Superior Court to vacate the California judgment entered on July 28, 1983, and further moved the court to enter a new California judgment based on the new February 20, 1984, sister state judgment. Appellant opposed the motion on the grounds that (1) the Wisconsin stipulated judgment failed to meet the requirements of California Code of Civil Procedure section 1133 pertaining to "judgment by confession" and (2) that the $3,500 increase in the judgment, from $12,500 to $16,000 in the event of default, was an unenforceable "penalty" under California law. On May 11, 1984, the court granted Silbrico's motions and

---

[1]Code of Civil Procedure section 1710.25 provides:
"(a) Upon the filing of the application, the clerk shall enter a judgment based upon the application for the total of the following amounts as shown therein:
"(1) The amount remaining unpaid under the sister state judgment.
"(2) The amount of interest accrued on the sister state judgment (computed at the rate of interest applicable to the judgment under the law of the sister state).
"(3) The amount of the fee for filing the application for entry of the sister state judgment.
"(b) Entry shall be made in the same manner as entry of an original judgment of the court. From the time of entry, interest shall accrue on the judgment so entered at the rate of interest applicable to a judgment entered in this state."

[2]See "Discussion" section of this opinion at page 206, *infra*.

entered a new California judgment based on the second Wisconsin judgment. Appellant's appeal is from that May 11, 1984, California judgment.

## CONTENTIONS

The Wisconsin stipulated judgment may not be given full faith and credit in a California court:

1. Because it does not meet the requirements of California Code of Civil Procedure section 1133 which pertains to "judgments by confession."

2. Because it contains "penal liquidated damages" which are unenforceable under California law.

## DISCUSSION

■■■■ Appellant purports to challenge the California judgment based on the Wisconsin judgment under the authority of Code of Civil Procedure section 1710.40, subdivision (a), which provides: "A judgment entered pursuant to this chapter may be vacated on any ground which would be a defense to an *action*[3] in this state on the sister state judgment, including the ground that the amount of interest accrued on the sister state judgment and included in the judgment entered pursuant to this chapter is incorrect."

Inasmuch as the California judgment was entered pursuant to Code of Civil Procedure section 1710.25, upon an application supported by a sister state judgment which was regular on its face, the entry of the California judgment was proper and the appeal from it is unavailing. (*Harris* v. *EMI Television Programs, Inc.* (1980) 102 Cal.App.3d 214, 217 [162 Cal.Rptr. 357].) In order to preserve his grounds for appeal, appellant should have moved the superior court to vacate the second California judgment pursuant to Code of Civil Procedure section 1710.40 and then taken an appeal from the superior court's order of denial. Instead, appellant merely opposed Silbrico's motions to vacate the first California judgment and to enter the second California judgment in its place.

---

[3]"The Sister State and Foreign Money Judgments Act (Code Civ. Proc., §§ 1710.10-1710.65) provides *a simpler and more efficient method of enforcing such judgments than* the *traditional action* on the judgment. The registration procedure established by the act is designed to allow parties to avoid the normal trappings of an original action, e.g., the necessity for pleadings. The optional procedure was intended to offer savings in time and money to both courts and judgment creditors, yet, at the same time, remain fair to the judgment debtor by affording him the opportunity to assert any defense that he could assert under the traditional procedure. [Citations.]" (*Tom Thumb Glove Co., Inc.* v. *Han* (1978) 78 Cal.App.3d 1, 7 [144 Cal.Rptr. 30], italics added; see *Liebow* v. *Superior Court* (1981) 120 Cal.App.3d 573, 575 [175 Cal.Rptr. 26].)

However, even had appellant properly raised the issues presented by this appeal, he still could not prevail. That is so because appellant has misconstrued the meaning of Code of Civil Procedure section 1710.40.

■ "[A] sister state money judgment entered pursuant to the provisions of the Uniform Act may be vacated in California *only* when the statutory ground or grounds therefore have been established. Section 1710.40 provides in relevant part that 'A judgment entered pursuant to this chapter may be vacated on any ground which would be a defense to an *action* in this state on a sister state judgment.' In elaborating on the defenses available under section 1710.40, the Law Revision Commission makes the following comment: 'Common defenses to enforcement of a sister state judgment include the following: the judgment is not final and unconditional (where finality means that no further action by the court rendering the judgment is necessary to resolve the matter litigated); the judgment was obtained by extrinsic fraud; the judgment was rendered in excess of jurisdiction; the judgment is not enforceable in the state of rendition; the plaintiff is guilty of misconduct; the judgment has already been paid; suit on the judgment is barred by the statute of limitations in the state where enforcement is sought.' (19A West's Ann. Codes (1982) p. 694; accord: 5 Witkin, Cal. Procedure (2d Ed. 1971) Enforcement of Judgment, §§ 194-195, pp. 3549-3550; Rest. 2d Conf. of Laws, §§ 103-121, italics added.)" (*World Wide Imports, Inc.* v. *Bartel* (1983) 145 Cal.App.3d 1006, 1009-1010 [193 Cal.Rptr. 830].) ■ None of the defenses raised by appellant fall into these categories.

■ In *World Wide Imports, Inc.* v. *Bartel, supra,* 145 Cal.App.3d 1006, the defendants conceded that none of the above enumerated defenses were available to them and that under traditional legal principles they were entitled to no relief. They insisted, however, that *Thomas* v. *Washington Gas Light Co.* (1980) 448 U.S. 261 [65 L.Ed.2d 757, 100 S.Ct. 2647], had changed the existing law and that under *Thomas,* denial of the enforcement of a foreign judgment is permissible if the latter violates a fundamental public policy of the enforcing state.

The *World Wide Imports* court rejected this argument, pointing out that *Thomas* did not change the basic rule that "California must, regardless of policy objections, recognize the judgment of another state as res judicata, and this is so even though the action or proceeding which resulted in the judgment could not have been brought under the law or policy of California." (*World Wide Imports, Inc.* v. *Bartel, supra,* 145 Cal.App.3d at p. 1011.)

The court noted (*ibid.*) that California's rule is in harmony with Restatement Second of Conflict of Laws, section 117, which states: "A valid judgment rendered in one State of the United States will be recognized and enforced in a sister State *even though the strong public policy of the latter State would have precluded recovery in its courts on the original claim.*" (Italics added; see also *Tyus* v. *Tyus* (1984) 160 Cal.App.3d 789, 793 [206 Cal.Rptr. 817].)

In *Thomas* v. *Washington Gas Light Co., supra,* 448 U.S. 261, 270 [65 L.Ed.2d 757, 766], the Supreme Court set forth the governing principles as follows: "It has long been the law that 'the judgment of a state court should have the same credit, validity, and effect in every other court in the United States, which it had in the state where it was pronounced.' [Citations.] This rule, if not compelled by the Full Faith and Credit Clause itself . . . is surely required by 28 U.S.C. § 1738 . . . . [T]hus, in effect, . . . a State is permitted to determine the extraterritorial effect of its judgments; but it may only do so indirectly, by prescribing the effect of its judgments within the State." (See *United Bank of Denver* v. *K & Y Trucking Co., Inc.* (1983) 147 Cal.App.3d 217, 221-222 [195 Cal.Rptr. 49].) "The rare exceptions to the application of the full faith and credit clause arise only when there is a violation of some fundamental state public policy . . . . [T]here is no precedent for an exception in the case of a money judgment in a civil suit." (*Id.,* at p. 222.)

"[T]he law is well established that upon a claim that a foreign judgment is not entitled to full faith and credit, the permissible scope of inquiry is limited to a determination of whether the court of forum had fundamental jurisdiction in the case." (*World Wide Imports, Inc.* v. *Bartel, supra,* 145 Cal.App.3d at p. 1010; see also *Tyus* v. *Tyus, supra,* 160 Cal.App.3d at p. 794.) Therefore, the judgment of a sister state must be recognized in a California court if that sister state had jurisdiction over the parties and the subject matter and all interested parties were given reasonable notice and opportunity to be heard. (*World Wide Imports, Inc., supra,* 145 Cal.App.3d at p. 1010.)

Here, appellant has never challenged the jurisdiction of the Wisconsin Circuit Court to render judgment. Further, the record shows that all interested parties were given notice and reasonable opportunity to be heard with regard to the second Wisconsin judgment on which the new California judgment was based. That being so, and since, as discussed *supra,* appellant's so-called "defenses" cannot be asserted to prevent enforcement of a sister state judgment, the trial court correctly concluded that full faith and credit must be accorded the Wisconsin judgment in issue here.

## DISPOSITION

The judgment is affirmed.

Klein, P. J., and Lui, J., concurred.