[No. B168877. Second Dist., Div. Five. Jan. 28, 2005.]

TRACI & MARX CO., Plaintiff and Appellant, v.
LEGAL OPTIONS, INC., et al., Defendants and Respondents.

## Counsel

Law Offices of Marc A. Legget and Marc A. Legget for Plaintiff and Appellant.

Snipper, Wainer & Markoff and Maurice Wainer for Defendants and Respondents.

## Opinion

**ARMSTRONG, J.**—Plaintiff Traci & Marx Co. appeals the grant of the motion of defendants Legal Options, Inc., and Stuart Grant to vacate the sister state default judgment obtained by plaintiff in Ohio. We conclude that the trial court erred in granting the motion, and so reverse the judgment.

### FACTS[1]

Plaintiffs sued defendants in the Court of Common Pleas for Cuyahoga County, Ohio for fraudulent inducement to enter contract, bad faith, negligence, and fraud, and for violations of the Ohio Consumer Sales Practices Act, the Ohio Deceptive Trade Practices Act, and the Ohio Corrupt Activity Act. Their prayer for relief requested, among other things, "compensatory damages in excess of $25,000" and "punitive damages in excess of $25,000."[2] Defendants did not answer. The Ohio court conducted a "default hearing" on September 20, 2001, after which it granted plaintiff judgment against defendants in the amount of $25,890 as compensatory damages and $130,000 as punitive damages (the Ohio Judgment). On December 22, 2002, pursuant to the Sister State Money-Judgments Act (Code Civ. Proc., § 1710.10 et seq.), the Superior Court for Los Angeles County ordered entry of the Ohio Judgment in the amount of $171,793.50, representing the principal amount of the Ohio Judgment, along with accrued interest.

---

[1] Pursuant to Evidence Code section 452, subdivision (a), we take judicial notice of the Ohio Rules of Civil Procedure.

[2] The prayer for relief conformed with Ohio Civil Rule 8(A), which reads in pertinent part: "A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled. If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought, unless the claim is based upon an instrument required to be attached pursuant to Civ. R. 10. At any time after the pleading is filed and served, any party from whom monetary recovery is sought may request in writing that the party seeking recovery provide the requesting party a written statement of the amount of recovery sought."

On January 17, 2003, defendants filed a motion to vacate sister state default judgment, seeking to collaterally attack the Ohio Judgment on three separate bases: Lack of personal jurisdiction due to failure to serve defendants in the underlying action; lack of subject matter jurisdiction due to a forum selection clause in the underlying contract; and unenforceability of the Ohio Judgment because the damages awarded exceeded those sought in the complaint.

The trial court held an evidentiary hearing on defendants' motion to vacate. The court found that defendants were properly served in the Ohio action; that the forum selection clause of the underlying contract did not divest the Ohio court of subject matter jurisdiction; and that "the sums set forth in the [Ohio] default judgment exceeded those which could have been awarded. Since this Court has no authority to modify the Ohio Judgment, the motion to vacate the entry of the sister state judgment must be, and hereby is, granted." Thus, the vacation of the judgment was based on the trial court's conclusion that the Ohio Judgment was in excess of the jurisdiction of the Ohio court in which it was rendered, because the damages awarded exceeded the prayer for relief in plaintiff's complaint. Plaintiff appeals this latter ruling.

## DISCUSSION

■ We begin our analysis with the observation that " 'California must, regardless of policy objections, recognize the judgment of another state as res judicata, and this is so even though the action or proceeding which resulted in the judgment could not have been brought under the law or policy of California.' " (*Silbrico Corp. v. Raanan* (1985) 170 Cal.App.3d 202, 207 [216 Cal.Rptr. 201], quoting *World Wide Imports, Inc. v. Bartel* (1983) 145 Cal.App.3d 1006, 1011 [193 Cal.Rptr. 830].)

■ "[A] sister state money judgment entered pursuant to the provisions of the Uniform Act may be vacated in California only when the statutory ground or grounds therefor have been established. Section 1710.40 provides in relevant part that 'A judgment entered pursuant to this chapter may be vacated on any ground which would be a defense to an action in this state on the sister state judgment.' In elaborating on the defense available under [Code Civ. Proc.] section 1710.40, the Law Revision Commission makes the following comment: ■ 'Common defenses to enforcement of a sister state judgment include the following: the judgment is not final and unconditional (where finality means that no further action by the court rendering the judgment is necessary to resolve the matter litigated); the judgment was obtained by extrinsic fraud; the judgment was rendered in excess of jurisdiction; the judgment is not enforceable in the state of rendition; the plaintiff is guilty of misconduct; the judgment has already been paid; suit on the judgment is barred by the statute

of limitations in the state where enforcement is sought.' (19A West's Ann. Codes (1982) p. 694; accord: 5 Witkin, Cal. Procedure (2d ed. 1971) Enforcement of Judgment, §§ 194–195, pp. 3549–3550; Rest. 2d Conf. of Laws, §§ 103–121.)" (*World Wide Imports, Inc. v. Bartel, supra*, 145 Cal.App.3d at pp. 1009–1010.)

 Ohio law, like California law, limits a default judgment to the amount requested in the complaint or demand for judgment. (Ohio Civ.R. 54(C); Code Civ. Proc., § 580, subd. (a).) "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." (Ohio Civ.R. 54(C); see also *Raimonde v. Van Vlerah* (1975) 42 Ohio St.2d 21, 27 [325 N.E.2d 544] ["In Ohio, a party is not limited to the relief claimed in the complaint, *except when judgment by default is entered* or when a judgment for money is sought and awarded"], italics added.) As plaintiff notes, Ohio Civil Rule 54(C) was amended in 1994 to remove the second instance when relief is limited to the amount claimed in the complaint, that is, when a judgment for money is sought. Current Ohio law continues to limit the relief to that claimed in the complaint when the judgment is by default. The trial court below simply ruled that a default judgment for $25,890 in compensatory damages exceeded the requested relief of "in excess of $25,000" in compensatory damages, and the award of $130,000 in punitive damages exceeded the prayer of "in excess of $25,000" in punitive damages, rendering the judgment beyond the jurisdiction of the court. Contrary to plaintiff's argument, the trial court came to this conclusion not as a result of its reading or misreading of Ohio Civil Rule 54(C) or due to "the fact that the Appellant did not 'prove up' its prayer to the amount of damages ultimately awarded by the Ohio Court," but because the court concluded that, in the absence of Ohio law, the California Supreme Court case of *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489 [165 Cal.Rptr. 825, 612 P.2d 915] was dispositive.

 In *Becker v. S.P.V. Construction Co., supra*, 27 Cal.3d 489, plaintiff's complaint alleged breach of contract and fraud, and sought damages "in excess of $20,000 . . . or according to proof," punitive damages of $100,000, and costs. A default judgment was entered for $26,457.50 in compensatory damages and $2,500 in attorney fees and costs. The appellants sought to collaterally attack the judgment as void on its face, because it granted relief which the court had no power to grant. The appellants maintained that the judgment violated Code of Civil Procedure section 580, which, like Ohio Civil Rule 54(C), requires that "[t]he relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint. . . ." They contended that a compensatory damage award "in excess of $20,000—the largest amount specifically requested in the complaint"— violated the statute. The appellants made the common sense argument which plaintiffs here propose, that "the prayer for compensatory damages 'in

excess of $20,000' was sufficient under [the statute] to provide adequate notice of defendants' potential liability for $26,457.50." (27 Cal.3d at p. 493.)

■ Our Supreme Court held that fundamental fairness requires that a default judgment be limited to "the specific amount of damages alleged in the complaint." (*Becker v. S.P.V. Construction Co., supra,* 27 Cal.3d at p. 494.) Thus, in a default proceeding, a prayer for relief of an amount "in excess of" a specified dollar amount will result in an award of "no more than" that dollar amount. (See, e.g., *Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 [231 Cal.Rptr. 220, 726 P.2d 1295] ["the Courts of Appeal have consistently read the code to mean that a default judgment greater than the amount specifically demanded is void as beyond the court's jurisdiction"]; *Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 432–433 [280 Cal.Rptr. 83, 808 P.2d 226]; *Engebretson & Co. v. Harrison* (1981) 125 Cal.App.3d 436, 444–445 [178 Cal.Rptr. 77] [a plaintiff's "prayer for damages 'in excess of $5,000' " entitled that plaintiff to a default judgment of $5,000, but no more].) Thus, in a default proceeding in California, a prayer for relief "in excess of" a specified dollar amount will result in an award of "no more than" that dollar amount.

■ However, the issue before the trial court was not whether, under California law, a prayer for relief of an amount "in excess of" a specified dollar amount will result in an award of "no more than" than that dollar amount, but whether the same result would obtain in Ohio. For as noted above, " 'California must, regardless of policy objections, recognize the judgment of another state as res judicata, and this is so even though the action or proceeding which resulted in the judgment could not have been brought under the law or policy of California.' " (*Silbrico Corp. v. Raanan, supra,* 170 Cal.App.3d 202, 207 [216 Cal.Rptr. 201], quoting *World Wide Imports, Inc. v. Bartel, supra,* 145 Cal.App.3d at p. 1011.) And defendants, whose burden it was to establish that the judgment was not enforceable in Ohio, failed to provide any Ohio authority to support their assertion that Ohio law provides that the "in excess of" language in the prayer for relief constitutes a ceiling rather than a floor for recoverable damages. (*Tom Thumb Glove Co. v. Han* (1978) 78 Cal.App.3d 1, 5 [144 Cal.Rptr. 30] ["[T]he burden is on the party seeking relief to show by a preponderance of the evidence why he is entitled to it"].) Consequently, the trial court erred in vacating the judgment, since there was no basis to conclude that the Ohio court acted in excess of its jurisdiction, or that the judgment was not enforceable in Ohio.

In their supplemental letter brief, defendants request that, if we do not affirm the trial court's vacation of the Ohio judgment, that we remand the matter to the trial court for a hearing on damages. We decline the request.

This is not an appeal of the Ohio judgment. Defendants had the opportunity to contest the damages in the Ohio action, and to appeal the Ohio judgment if they believed that the evidence did not support the damage award. That judgment is now final.

## DISPOSITION

The order vacating the sister state default judgment is reversed and the matter is remanded to the trial court with instructions to enter judgment in favor of plaintiff in the amount of $171,793.50. Defendants shall bear costs of appeal.

Turner, P. J., concurred.

**MOSK, J.**—I concur.

Appellant Traci & Marx Co. (Traci & Marx), an Ohio company, obtained a default judgment in Ohio against respondent Legal Options, Inc. (Legal Options), a California company, on a complaint based, inter alia, on fraud. The Ohio court awarded compensatory and punitive damages in the total amount of $155,890 plus interest. The majority concludes correctly that under Code of Civil Procedure section 1710.10 et seq., we must enforce a sister-state judgment that is contrary to California's public policy. (*Medical Legal Consulting Services, Inc. v. Covarrubias* (1991) 234 Cal.App.3d 80, 90 [285 Cal.Rptr. 559]; *Tyus v. Tyus* (1984) 160 Cal.App.3d 789 [206 Cal.Rptr. 817].)

The Law Revision Commission stated with respect to Code of Civil Procedure section 1710.40 that a judgment debtor may move to vacate the entry of a sister state judgment "on any ground which would be a defense to an action in this state on the sister state judgment." (Recommendation: Enforcement of Sister State Money Judgments (Nov. 1973) 11 Cal. Law Revision Com. Rep. § 1710.40, pp. 466–467, reprinted in 19A West's Ann. Cal. Codes (1982 ed.) foll. § 1710.40, pp. 693–694.) The grounds include, "the judgment is not enforceable in the state of rendition" and "the judgment was rendered in excess of jurisdiction." (*Ibid.*)

The majority suggests that because respondent has not provided us with explicit law demonstrating that the Ohio judgment was contrary to Ohio law, that judgment must, in effect, be presumed to be lawful and that therefore the trial court may not, under Code of Civil Procedure section 1710.40, vacate the California judgment or enter a judgment different than the Ohio default judgment. Respondent did argue that the Ohio judgment was contrary to Ohio law and referred to some authorities, but not conclusive authorities.

I believe we should determine whether under Ohio law, the Ohio judgment was in excess of jurisdiction or was not enforceable in Ohio to see if the Ohio judgment should be vacated or modified under Code of Civil Procedure section 1710.40.

Ohio Civil Rule 8 provides that if a party seeks more than $25,000 in damages for a claim not based upon a written statement, the party shall state that fact in the demand for judgment, but shall not state the actual amount the party seeks. Under Ohio Civil Rule 54(C), "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

It is widely recognized that entering a default judgment is unfair unless the defaulting defendant has notice of the judgment that may be taken against it. "The defendant is entitled to ' "one 'last clear chance' to respond to the allegations of the complaint and to avoid the precise consequences . . . [of] a judgment for a substantial sum . . . [without] any actual notice of . . . potential liability. . . ." . . . ' . . . Indeed . . . 'knowledge of the alleged amount of damages may be crucial to a defendant's decision whether to permit a clerk's default' . . . ." (*Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 433 [280 Cal.Rptr. 83, 808 P.2d 226], superseded by statute on another ground; see also *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493–494 [165 Cal.Rptr. 825, 612 P.2d 915]; 10 Wright et al., Federal Practice and Procedure: Civil (3d ed. 1998) § 2663, pp. 166–173); 46 Am.Jur.2d. (1994) Judgments § 312, pp. 628–630.)

Yet, if courts applied Ohio law in the manner suggested by Traci & Marx, a defendant in Ohio could limit damages to $25,000 by defaulting. One authority on Ohio procedure has noted as follows: "Assuming the opposing party defaults, a question arises as to the damage amount the claimant may be awarded consistent with the limitation in the first sentence of Rule 54(C). Perhaps the provisions can be reconciled to provide that where the party's pleading states a request for damages in excess of $25,000 the court is free to award a larger amount since a larger, but indeterminate, amount is what was prayed for in the demand for judgment. Alternatively, if the opposing party defaults, perhaps the plaintiff then should be allowed to amend the pleadings to set forth the actual amount sought. With that accomplished, if the opposing party remains in default after being served with the amended claim for relief, a default judgment could be entered in line with the amount set forth in the amended pleading." (Fink et al., Guide to the Ohio Rules of Civil Procedure (2005) § 54.10, p. 54-17.) Such an amended claim specifying an amount of damages in excess of $25,000 for the type of allegations here does not appear to be consistent with Ohio Civil Rule 8.

As in this case, when there is a prayer for damages "in excess of $25,000," the defaulting party knows there is a risk of damages in an amount exceeding $25,000. Under Ohio Civil Rule 8(A), a defendant against whom a default is taken may request a statement of the precise amount of damages sought before the default hearing. Moreover, under Ohio Civil Rule 55(B), a party may move to vacate or set aside a default judgment. These provisions provide a defaulting party in Ohio with some protection against the specter of unknown and unlimited liability.

In view of these considerations, it appears that the Ohio trial court's decision awarding damages in excess of $25,000 in this case is in conformity with Ohio law. Legal Options has not submitted any persuasive authority to the contrary.

For these reasons, I concur in the judgment.