Filed 6/27/13  Barkett v. Foundation Management CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. BARKETT, Appellant, v. FOUNDATION MANAGEMENT, INC. , Respondent. | D062559 (Super. Ct. No. 37-2012-00093474-CU-EN-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Lisa C. Schall, Judge.  Affirmed.

Gilmore, Wood, Vinnard & Magness and David M. Gilmore for Appellant.

Law Offices of Brian H. Krikorian and Brian H. Krikorian for Respondent.

William Barkett appeals from an order denying his motion to vacate a sister-state judgment in favor of Foundation Management, Inc. (Foundation).  (Code Civ. Proc., § 1710.10 et seq.)[1]  We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2007, Merjan Financial Corporation (a California entity) borrowed $1.4 million from Foundation, a Washington state corporation.  The loan was secured by a deed of trust on commercial property in California.  In the promissory note, the parties agreed Washington state law would govern the construction and interpretation of the note.  The parties also agreed to an interest rate of 15 percent, and in the event of a default, interest would accrue at a default rate of 36 percent per year.

Barkett, Merjan's principal and a California resident, signed a written guaranty for the note (Guaranty agreement).  The Guaranty agreement stated the agreement "shall be governed by and construed and enforced under the laws of the State of Washington and venue for any action shall lie [in] the federal or state courts of King County, Washington without giving effect to conflicts of laws principles."

Four years later, in about September 2011, Foundation sued Barkett in King County Superior Court in Washington state, alleging Barkett had breached the Guaranty agreement by failing to pay amounts owed on the note.  Barkett filed an answer raising several defenses, but did not raise any objection on the basis of personal jurisdiction.

_____

[1]     All statutory references are to the California Code of Civil Procedure unless otherwise specified.

2

Foundation then moved for summary judgment, submitting evidence of the Guaranty agreement and the amounts owed under the note. In response, Barkett (who was represented by counsel) argued the agreement was unenforceable on several grounds, including that Foundation was not a licensed lender in California and the interest rate was "usurious" under California law. Barkett did not challenge the court's personal jurisdiction over him in his summary judgment opposition papers.

After considering the parties' submissions and arguments, the Washington court granted Foundation's summary judgment motion. The court entered final judgment in Foundation's favor for $3,094,000 (Washington judgment).

About one month later, Foundation filed an application in San Diego County Superior Court for entry of the Washington judgment. The court then entered the judgment under California's sister-state enforcement laws (California judgment). (§§ 1710.15, 1710.25.)

The next month, Barkett moved to vacate the California judgment. (§ 1710.40.) Barkett argued the Washington judgment could not be entered in California because the Washington court had no personal jurisdiction over him and therefore the judgment was void. In support, Barkett asserted that all of his actions relating to the Guaranty agreement occurred in California, including that he negotiated the loan in California, the loan was secured by property located in California, the escrow was in California, and all the loan documents were signed in California. Barkett also argued that the Washington judgment was unenforceable in California because it violated "several important interests

3

of California," including California licensing laws and laws prohibiting interest rates that are improper penalties and usurious.

Foundation responded that Barkett's arguments did not establish a valid ground for vacating a sister-state judgment. Foundation argued that Barkett had the requisite minimum contacts with Washington state, and in any event, Barkett consented to the jurisdiction of the King County Superior Court by appearing in the proceedings without objection and agreeing to venue in Washington in the Guaranty agreement. Foundation also argued that Barkett's policy arguments were without merit and did not constitute a proper legal basis for vacating the judgment. In support of these arguments, Foundation produced copies of documents in the underlying Washington case, including the complaint, the summary judgment opposition papers, the order granting summary judgment, and the final judgment.

After conducting a hearing and considering all of the parties' submissions, the court denied Barkett's motion.

Barkett appeals.

## DISCUSSION

Under the United States Constitution, "full faith and credit must be accorded judgments of sister states unless the rendering court lacked jurisdiction." (*Washoe Development Co. v. Guaranty Federal Bank* (1996) 47 Cal.App.4th 1518, 1521 (*Washoe*); U.S. Const., art. IV, § 1.) " '[A] judgment entered by one state must be recognized by another state if the state of rendition had jurisdiction over the parties and the subject matter and all interested parties were given reasonable notice and opportunity

4

to be heard.' " (*State of Arizona ex rel. Arizona Dept. of Revenue v. Yuen* (2009) 179 Cal.App.4th 169, 179.)

To enforce a sister-state judgment in California, a party must first obtain a California judgment. (See § 1710.15, subd. (a).) To accomplish this, a party simply registers the sister-state judgment with the superior court, which then issues a California judgment. (*Washoe, supra*, 47 Cal.App.4th at pp. 1521-1522.) "With certain statutory exceptions, the new judgment has the same effect as an original California money judgment and 'may be enforced or satisfied in like manner.' " (*Id.* at p. 1522.)

An objecting party may move to vacate the California judgment by filing a motion within a specified time. (§ 1710.40; *Wells Fargo Bank, N.A. v. Baker* (2012) 204 Cal.App.4th 1063, 1068.) The grounds for vacation are highly limited and concern primarily whether the sister-state court had personal and subject matter jurisdiction. (See *Bank of America v. Jennett* (1999) 77 Cal.App.4th 104, 114-115.)

In this case, Barkett argues that the judgment must be vacated because the Washington state court did not have personal jurisdiction over him. The argument is without merit.

Under the due process clause of the federal Constitution, a court must have personal jurisdiction over the parties or the judgment is void. (See *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1226-1227.) It has long been settled that a party's consent is a proper basis to confer personal jurisdiction over the party. (*Estate of Heil* (1989) 210 Cal.App.3d 1503, 1512; see *In re Vanessa Q.* (2010) 187 Cal.App.4th 128, 135.) Consent can be established through a party's appearance in the proceedings

5

without a timely objection or through a predispute contractual agreement, particularly in a commercial context. (See *Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 473, fn. 14 (*Burger King*); *Vanessa Q., supra,* 187 Cal.App.4th at p. 135.) In this case, the record establishes that Barkett consented to jurisdiction and thus submitted to the jurisdiction of the Washington court.

First, Barkett appeared in the action without objection. In Washington state, there is no need to make a special appearance to object to personal jurisdiction. (*In re Marriage of Parks* (Wash.App. 1987) 737 P.2d 1316, 1318.) Instead, an objection is preserved by asserting the objection in a responsive pleading or in a motion before the pleading is filed. (*Sutton v. Hirvonen* (Wash. 1989) 775 P.2d 448, 450; *State ex rel. Coughlin v. Jenkins* (Wash.App. 2000) 7 P.3d 818, 820-821 (*Coughlin*).) If a party wishes to claim lack of personal jurisdiction, he or she must do so "as soon as reasonably practicable. . . ." (*In re Marriage of Steele* (Wash.App. 1998) 957 P.2d 247, 259; see *Dlouhy v. Dlouhy* (Wash. 1960) 349 P.2d 1073, 1075-1077.) In Washington, as in California, a "party waives his defense of lack of personal jurisdiction . . . by failing to raise the issue in any entry of appearance, pleadings or answers." (*Coughlin*, *supra*, 7 P.3d at p. 820.)

Barkett appeared in the Washington proceedings without objecting to personal jurisdiction *at any time* before the final judgment, including in his answer or in his response to Foundation's summary judgment motion. Thus, by these actions, he submitted to the jurisdiction of the Washington court. (See *New York Times Co. v. Sullivan* (1964) 376 U.S. 254, 264, fn. 4 [voluntary general appearance waives claim that

due process precludes (long arm) jurisdiction]; *Benny v. Pipes* (9th Cir. 1986) 799 F.2d 489, 492 ["general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction"]; *Jackson v. Hayakawa* (9th Cir. 1982) 682 F.2d 1344, 1347 [voluntary appearance waives a claim that failure to serve individuals resulted in lack of personal jurisdiction]; *Fireman's Fund Ins. Co. v. Sparks Const., Inc*. (2004) 114 Cal.App.4th 1135, 1145.)

Additionally, by agreeing in the Guaranty agreement that "venue for any action shall lie [in] the federal or state courts of King County, Washington," Barkett consented to jurisdiction in the Washington courts.  (See *Burger King, supra*, 471 U.S. at p. 473, fn. 14; *Dominium Austin Partners, L.L.C. v. Emerson* (8th Cir. 2001) 248 F.3d 720, 726; *Szynalski v. Superior Court* (2009) 172 Cal.App.4th 1, 7 ["[a]greeing to resolve a particular dispute in a specific jurisdiction . . . is one means of expressing consent to personal jurisdiction"].)  Because personal jurisdiction is a waivable right, it can be waived in a contract if the contract was " 'freely negotiated' " and not unreasonable or unjust.  (*Burger King, supra*, at p. 473, fn. 14.)  There was no showing that the Guaranty agreement was not freely negotiated or was unreasonable or unjust.

Barkett devotes most of his appellate briefs to his arguments regarding the nature of his contacts with Washington state.  However, based on our conclusion that Barkett consented to jurisdiction, we need not engage in an analysis of these contacts and whether there were sufficient minimum contacts to support jurisdiction under Washington's long arm statute.  (*Szynalski v. Superior Court, supra*, 172 Cal.App.4th at p. 7; *Estate of Heil, supra*, 210 Cal.App.3d at p. 1512.)

7

Barkett additionally contends the court erred in denying his motion to vacate the California judgment because the Guaranty agreement violated fundamental public policies of California. However, there is no "public policy" exception to the enforcement of a sister-state judgment, particularly when the judgment is a money judgment. (*Traci & Marx Co. v. Legal Options, Inc.* (2005) 126 Cal.App.4th 155, 158; *id.* at p. 161 (conc. opn. of Mosk, J.); *Silbrico Corp. v. Raanan* (1985) 170 Cal.App.3d 202, 207-208; *World Wide Imports, Inc. v. Bartel* (1983) 145 Cal.App.3d 1006, 1011.) " 'California law is clear that the differing public policy or laws of the enforcing state cannot contravene the full faith and credit clause of the Constitution. As has been repeatedly stated, California must, regardless of policy objections, recognize the judgment of another state as res judicata.' " (*R.S. v. Pacificare Life & Health Ins. Co.* (2011) 194 Cal.App.4th 192, 207; *Traci & Marx Co., supra*, 126 Cal.App.4th at p. 158.)

Even if such an exception exists, Barkett identifies no fundamental California policy at stake here. Foundation's claim involves merely the enforcement of a written guaranty agreement. With respect to the usury claims, Barkett expressly agreed that Washington law applied. Under Washington law, usury laws are inapplicable to a commercial transaction. (*Trust of Strand v. Wel-Co Group, Inc.* (Wash.App. 2004) 86 P.3d 818, 821.) This legislative judgment does not offend California's public policy. Moreover, under California law, loans arranged by licensed real estate brokers and secured by real property are exempt from usury prohibitions. (See Cal. Const., art. XV, § 1; Civ. Code, § 1916.1; *Park Terrace Limited v. Teasdale* (2002) 100 Cal.App.4th 802, 805-809.)

8

We likewise reject Barkett's arguments that the court erred in denying his motion to vacate because Foundation was not properly registered and/or licensed in California. Barkett had a full opportunity to raise this issue in the Washington court, and the court's judgment is binding on a California court.  Moreover, it is not clear on this record that registration or a license was required in this case.

## DISPOSITION

Order affirmed.  Appellant to bear respondent's costs on appeal.


HALLER, J.

WE CONCUR:


BENKE, Acting P. J.


McDONALD, J.

9