Filed 1/13/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BLIZZARD ENERGY, INC., | 2d Civil No. B290492 |
| Plaintiff and Respondent. | (Super. Ct. No. 17CVP-0266) |
| | (San Luis Obispo County) |
| v. | |
| BERND SCHAEFERS, | |
| Defendant and Appellant, | |

Bernd Schaefers appeals an order denying his motion to: (1) vacate entry of a $3.825 million Kansas judgment, and (2) post a $5,737,500 undertaking to stay enforcement of the sister-state judgment (Code Civ. Proc., § 1710.50, subd. (c)(1)).[1]  We affirm.

*Facts and Procedural History*

In 2017, a Kansas jury awarded Blizzard Energy, Inc. (Blizzard), a Kansas corporation, $3.825 million damages in a fraud action against appellant.  He appealed the judgment to the Kansas Court of Appeals but did not request a stay of

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

enforcement or post a supersedeas bond as required by Kansas law.  (K.S.A. § 60-2103(d).)

After Blizzard registered the judgment in California pursuant to the Sister State Money Judgment Act (SSMJA; § 1710.10 et seq.), appellant filed a motion to vacate entry of the judgment and an ex parte application to stay enforcement of the judgment.  (§ 1710.50.)  The San Luis Obispo County Superior Court denied the motion to vacate entry of the judgment but stayed enforcement of the judgment pending resolution of the Kansas appeal, subject to the condition that appellant post a $5,737,500 undertaking by April 6, 2018.  (See § 1710.50, subds. (a)(1) & (c)(1).)

Appellant failed to post the undertaking and appealed the SSMJA orders.  On April 19, 2019, the Court of Appeals of the State of Kansas affirmed the $3.825 million judgment.  (*Blizzard Energy*, *Inc. v. Alexandrov et al.*, Case No. 118,656.)

*Res Judicata*

We review the SSMJA order for abuse of discretion. (*Conseco Marketing, LLC v. IFA & Ins. Services, Inc.* (2013) 221 Cal.App.4th 831, 841; *Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.* (1993) 12 Cal.App.4th 74, 88-89.)  Here, the Kansas Court of Appeals decision moots the appeal based on res judicata principles.  Appellant argues that he is innocent of fraud but a Kansas jury found that appellant fraudulently induced Blizzard to build and operate a pyrolysis plant in Kansas to convert millions of used car tires into fuel. The Kansas Court of Appeals affirmed the judgment, holding that the verdict was supported by substantial evidence.  We have taken judicial notice of the opinion and the December 19, 2019

2

Kansas Supreme Court order denying petition for review. (Evid. Code, §§ 452, subds. (a) & (d); 459, subd. (a).)

Appellant contends that the Kansas judgment "could not take place by definition in California" because California has a different standard for fraud and requires a malicious act. The argument fails based on res judicata. "Courts often speak of applying full faith and credit to a sister state's judgment in order to implement res judicata principles. [Citation.] 'With respect to judgments, "the full faith and credit obligation is exacting." [Citation.] . . . A State may not disregard the judgment of a sister State because it disagrees with the reasoning underlying the judgment or deems it to be wrong on the merits.' [Citation.]" (*Hawkins v. SunTrust Bank* (2016) 246 Cal.App.4th 1387, 1393–1394.) A California court, in ruling on a motion to vacate entry of a sister state judgment, may not retry the case. (*Washoe Development Co. v. Guaranty Federal Bank* (1996) 47 Cal.App.4th 1518, 1523.) The court, "'must, regardless of policy objections, recognize the judgment of another state as res judicata, and this is so even though the action or proceeding which resulted in the judgment could not have been brought under the law or policy of California.' [Citation.]" (*Silbrico Corp. v. Raanan* (1985) 170 Cal.App.3d 202, 207 (*Silbrico*).)

Pursuant to the SSMJA, the grounds for vacating notice of entry of a sister state judgment are limited to "any ground which would be a defense to an action in this state on the sister state judgment . . . ." (§ 1710.40, subd. (a).) The statute does not identify the available defenses, but the Law Revision's comment to section 1710.40 states that "[c]ommon defenses to enforcement of a sister state judgment include the following: the judgment is not final and unconditional . . . ; the judgment was obtained by

3

extrinsic fraud; the judgment was rendered in excess of jurisdiction; the judgment is not enforceable in the state of rendition; the plaintiff is guilty of misconduct; the judgment has already been paid; [and] suit on the judgment is barred by the statute of limitations in the state where enforcement is sought." (Cal. Law Revision Com. com., West's Ann. Cal. Code Civ. Proc. (2007 ed.) foll. § 1710.40, p. 385; see Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2018) ¶ 6:1831a, pp. 6J-11 to 6J-12 [listing "common defenses"]; *Silbrico, supra*, 170 Cal.App.3d at p. 207 [same].)

Appellant argues that Blizzard engaged in misconduct and tricked the Santa Barbara County Superior Court into dismissing his 2015 California action for breach of contract, conversion, and accounting. The record reflects that the action was dismissed on forum non conveniens grounds and because Blizzard was an indispensable party. California lacked personal jurisdiction over Blizzard, and Blizzard was already prosecuting the fraud action in Kansas. Appellant did not appeal the dismissal. Instead, he filed a counter claim for damages in the Kansas action. After the Kansas state court granted Blizzard's summary judgment motion on part of the counter claim, a Kansas jury awarded Blizzard $3.825 million fraud damages and returned a verdict in favor of Blizzard on appellant's claim for breach of a joint venture agreement and unjust enrichment. Based on the doctrines of res judicata and issue preclusion, appellant is precluded from arguing that Blizzard was guilty of misconduct or that the Santa Barbara Superior Court was misled when it dismissed the 2015 action for breach of oral agreement, conversion, and accounting. (See *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823-

4

824 [discussing concepts of res judicata and issue and claim preclusion].)

*Undertaking*

Equally without merit is the argument that the trial court erred in ordering appellant to post a $5,737,500 undertaking to stay enforcement of the judgment. Section 1710.50, subdivision (c) provides: "The court shall grant a stay of enforcement under this section on such terms and conditions as are just including but not limited to the following: [¶] (1) The court may require an undertaking in an amount it determines to be just, but the amount of the undertaking shall not exceed double the amount of the judgment creditor's claim."

Here the superior court ordered appellant to post an undertaking for 150 percent of the judgment, not quite the maximum security amount. It found that appellant "had a full opportunity to litigate his claims before a jury, and the Court agrees that an undertaking should be required as a condition of the stay of execution of the Kansas judgment. If this were a California judgment, [appellant] would be required to post an undertaking of at least one and one-half times the judgment in order to stay execution pending appeal, and no bond or undertaking has been posted in the Kansas appeal to protect [Blizzard]. . . . [T]he Court finds it reasonable to believe that with a judgment of this amount, particularly in the case of a verdict for fraud, that there is at least some likelihood that [appellant] will attempt to conceal or transfer assets. [Appellant] argues it will take at least seven months before a ruling on the Kansas appeal, and it is just that [Blizzard] receive protection pending that appeal."

The superior court has broad discretion in fashioning the terms and conditions of a SSMJA stay order. (Ahart, Cal. Practice Guide: Enforcing Judgments and Debts, *supra*, ¶¶ 6:1839, 6:1840, pp. 6J-14 to 6J-15.) Appellant makes no showing that the order to post an undertaking was an abuse of discretion. (§ 1710.50, subd. (c)(1).)

*Disposition*

The judgment (order denying motion to vacate notice of entry of sister state judgment and order to post a $5,737,500 undertaking to stay enforcement of the Kansas judgment) is affirmed. Blizzard is awarded costs on appeal.

CERTIFIED FOR PUBLICATION.

                                                            YEGAN, J.

We concur:


        GILBERT, P. J.


        TANGEMAN, J.

6

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____

Bernd Schaefers, in pro. per., for Defendant and Appellant.

Rogers, Sheffield & Campbell and John H. Haan, Jr., for Plaintiff and Respondent.