[No. B187427. Second Dist., Div. Six. July 24, 2006.]

CHRIS KLEVELAND et al., Plaintiffs and Respondents, v.
CHICAGO TITLE INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Snyder Law, Barry Clifford Snyder, Sean R. Burnett; Law Offices of Herb Fox and Herb Fox for Defendant and Appellant.

Law Offices of Zilinskas & Woosley, Victor G. Zilinskas and Eric A. Woosley for Plaintiffs and Respondents.

## OPINION

**COFFEE, J.**—Is an arbitration clause in a title insurance policy enforceable where arbitration was not mentioned in the preliminary title report and where that report referred to a policy that was different than that actually issued by the insurer? We conclude the answer is no. Under these circumstances, the arbitration clause was not incorporated by reference into the preliminary report and is not binding upon the insured. We affirm.

### FACTS AND PROCEDURAL HISTORY

Plaintiffs Chris Kleveland and AOK Land Company LLC purchased a title insurance policy from defendant Chicago Title Insurance Company (Chicago Title) on the basis of a preliminary title report they received and approved.[1] The preliminary report described the real property to be insured, the coverage to be afforded and the exceptions and exclusions to that coverage, but it did not indicate the policy would include an arbitration clause. The cover sheet of the preliminary report stated, "The form of policy title insurance contemplated by this report is: ALTA [American Land Title Association] HOMEOWNER'S POLICY OF TITLE INSURANCE (11/98)." It further advised, "Copies of the Policy forms are available upon request." This policy had an arbitration clause.

Chicago Title subsequently issued a different type of insurance policy than that specified in the preliminary report: a California Land Title Association (CLTA) Standard Coverage Policy.[2] This policy contained an arbitration clause applicable to "any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation."

Plaintiffs filed an action for breach of contract and bad faith against Chicago Title after their discovery of an easement on the insured property that they claimed was not mentioned in the preliminary title report. Chicago

---

[1] Although the title insurance policy names Kleveland and Madars I. Ozolins as the insureds, the parties have stipulated that AOK is an insured in lieu of Ozolins.

[2] ALTA and CLTA policies are commonly used in California. Chicago Title apparently determined that a CLTA policy was appropriate because the property insured did not contain a residential structure.

Title filed a motion to compel arbitration based on the clause in the CLTA policy it had issued. Plaintiffs opposed the motion, arguing that they could not be bound by an arbitration clause that was neither included in the preliminary title report nor incorporated by reference into that report. Chicago Title argued that arbitration was appropriate because plaintiffs had accepted the CLTA policy and were bound by its terms. The court denied the motion to compel arbitration. In a motion for reconsideration, Chicago Title argued that the ALTA policy referenced in the preliminary report also contained an arbitration clause, which was incorporated by reference into the preliminary report. The court denied the motion.

## DISCUSSION

■ The trial court shall order parties "to arbitrate the controversy if it determines that an agreement to arbitrate . . . exists . . . ." (Code Civ. Proc., § 1281.2.) On appeal, we review the arbitration agreement de novo to determine whether it is legally enforceable, applying general principles of California contract law. (*Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167, 174 [116 Cal.Rptr.2d 671]; *Chan v. Drexel Burnham Lambert, Inc.* (1986) 178 Cal.App.3d 632, 637 [223 Cal.Rptr. 838].) ■ Although public policy favors arbitration in general, we will not infer that the right to a jury trial has been waived absent a clear agreement to submit the dispute to arbitration. (*Titan Group, Inc. v. Sonoma Valley County Sanitation Dist.* (1985) 164 Cal.App.3d 1122, 1129 [211 Cal.Rptr. 62].)

■ Chicago Title argues that plaintiffs are bound by the arbitration clause in the CLTA policy because they received a copy of that policy and did not object. It relies on the rule that an insured has a duty to read the policy and cannot thereafter complain that the terms were unknown. (See *Aetna Casualty & Surety Company v. Richmond* (1977) 76 Cal.App.3d 645, 652 [143 Cal.Rptr. 75].) This rule does not apply to title insurance: "[U]nlike a health or liability insurance policy, . . . a title insurance policy has a one-time premium and remains in effect so long as the insured owns the property. A purchaser may not cancel the policy and switch to another carrier without forfeiting his premium. [¶] The process of obtaining title insurance, therefore, contemplates the receipt of a title report before the close of escrow, setting forth the 'conditions upon which the issuer is willing to issue its title policy.' (Ins. Code, § 12340.11.) The insured's approval and acceptance of the conditions set forth in the preliminary report create a binding contract based on the terms set forth in the report and any materials that are incorporated therein by reference. (*Ibid.*) *Therefore, whether [the insured is] bound by an arbitration clause depends directly on whether that term was set forth in the preliminary report or incorporated therein by reference.*" (*Wolschlager v. Fidelity National Title Ins. Co.* (2003) 111 Cal.App.4th 784, 789–790 [4 Cal.Rptr.3d 179], italics added.)

■ The parties agree that the preliminary title report did not contain an arbitration clause and did not explicitly state that such a clause would be contained within the policy to be issued. But a contract, including a title insurance policy, may include provisions that are not physically a part of the basic document so long as those provisions are sufficiently incorporated by reference. (*Wolschlager v. Fidelity National Title Ins. Co.*, *supra*, 111 Cal.App.4th at p. 790.) Incorporation by reference requires that (1) the reference to another document was clear and unequivocal; (2) the reference was called to the attention of the other party, who consented to that term; and (3) the terms of the incorporated documents were known or easily available to the contracting parties. (*Ibid.*)

Chicago Title argues that the preliminary report incorporated the ALTA policy and its arbitration clause by reference because it mentioned that policy by name. But the ALTA policy never went into effect. The only arbitration clause that could conceivably be enforced in this case is the one that is a part of the CLTA policy that was actually issued, a policy that was *not* clearly and unequivocally referred to in the contract. This case is thus distinguishable from *Wolschlager*, in which the court concluded that a preliminary report incorporated an arbitration clause in a subsequently issued policy where the report specifically referred to the title insurance policy that was actually issued.

Chicago Title suggests it is unfair to deny arbitration when the arbitration clause in the CLTA policy it issued was virtually identical to an arbitration clause contained in the ALTA policy that was referred to in the preliminary report. While this argument has a sort of "no harm, no foul" appeal, it is unreasonable to rely on an arbitration clause in a nonexistent policy to deny plaintiffs the right to a jury trial. As the drafter of the preliminary report, Chicago Title was in the best position to avoid this problem: it could have simply included an arbitration clause in the report itself.

■ We emphasize that the issue before us is a narrow one: whether plaintiffs waived their right to a jury trial by approving a preliminary title report that did not contain an arbitration clause and did not incorporate by reference the arbitration clause in the CLTA policy actually issued. Our conclusion that the arbitration clause cannot be enforced does not affect the validity of other provisions of the CLTA policy that were included in the preliminary title report, such as the description of the property insured, the liens and easements on that property, the amount of coverage, the premium to be charged, and the covered risks and exclusions from coverage.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to plaintiffs.

Yegan, Acting P. J., and Perren, J., concurred.

A petition for a rehearing was denied August 22, 2006.