Filed 5/26/22  Leeper v. Nickerson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CHRISTINA LEEPER,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SANDRA NICKERSON et al.,<br><br>    Defendants and Appellants. | 2d Civ. No. B311379<br>(Super. Ct. No. 56-2019-00535133-CU-WT-VTA)<br>(Ventura County) |

Defendants Sandra Nickerson, Survival Systems Staffing Inc. (Survival Systems), SJNDEN LLC and SJNDEN Services, LLC appeal the trial court's order denying their motion to compel arbitration in this action by a former employee, plaintiff Christina Leeper.[1]  They contend the trial court erred by finding they had failed to meet their burden of proving the existence of an arbitration agreement.  We affirm.

---

[1] Defendant Dennis Nickerson passed away on October 5, 2020.

FACTUAL AND PROCEDURAL BACKGROUND

Ms. Leeper worked as an executive assistant for Survival Systems and its related entities, which the Nickersons co-owned. Claiming she was sexually harassed by Dennis Nickerson, Ms. Leeper filed this action for sexual battery, hostile sexual environment, constructive discharge and breach of employers' duty to prevent harassment.

Defendants moved to compel arbitration "based on Ms. Leeper's signed consent to the company's arbitration agreement contained in its employee handbook." Defendants did not produce either the original or a copy of the agreement. The motion was based on (1) Survival Systems' custom and practice of requiring all new employees to sign the arbitration agreement, (2) Ms. Nickerson's custom and habit of not authorizing an employee's first paycheck without a signed arbitration agreement in place and (3) proof that 73 of Survival Systems' 74 employees had signed the arbitration agreement in compliance with company policy. Ms. Leeper was the only employee without an arbitration agreement in her personnel file. Ms. Leeper denied receiving the employee handbook and arbitration agreement.

Faced with a "credibility issue," the trial court held an evidentiary hearing on January 11, 2021. Ms. Nickerson testified that she does not authorize the issuance of an employee's first paycheck unless the arbitration agreement is among the signed employment documents. Her custom and habit is to log into the payroll system on the Wednesday before payroll and review the "time cards, all agreements of any new employees, any commissions payable, everything that [is] need[ed] in order to approve the pay for the office." Ms. Nickerson admitted she did not see Ms. Leeper sign the arbitration agreement, but she had

2

"no doubt" she had seen Ms. Leeper's signature on the agreement at some point.

In her testimony, Ms. Leeper reiterated that she did not receive or sign an arbitration agreement. She testified that after a week or two of employment, Jill Kimball in human resources contacted her and said, "'I don't have any paperwork on you at all.'" Kimball, who was processing the payroll, asked Ms. Leeper to bring in her driver's license and Social Security card and to also complete the payroll tax forms.

In response to the suggestion that she had removed the arbitration agreement from her personnel file before leaving her employment, Ms. Leeper testified she did not have access to employee personnel files, which were kept in a locked cabinet.

After hearing this testimony, the trial court took the matter under submission. In a written ruling, the court found defendants had failed to meet their burden of proof, noting that "[Ms.] Nickerson's credibility does not outweigh that of [Ms.] Leeper."

## DISCUSSION

### Standard of Review

"'In the case where the trier of fact has expressly or implicitly concluded that the party with the burden of proof did not carry the burden and that party appeals, it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment.' [Citation.] 'Thus, where the issue on appeal turns on a failure of proof at trial, the question for the reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of

3

such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.'" [Citation.]" (*Juen v. Alain Pinel Realtors, Inc.* (2019) 32 Cal.App.5th 972, 978-979 (*Juen*); *Fabian v. Renovate America, Inc.* (2019) 42 Cal.App.5th 1062, 1067 (*Fabian*).)

*The Trial Court Did Not Err in Denying*
*Defendant's Motion to Compel Arbitration*

An arbitration agreement must be in writing to be valid and enforceable. (Code Civ. Proc., § 1281.) "The validity of an arbitration agreement . . . is determined by a petition or motion to compel arbitration. [Citations.] Motions for arbitration are adjudicated summarily. [Citation.] Factual issues may be submitted on declarations and affidavits, or by oral testimony in the court's discretion. [Citation.]" (*Juen*, *supra*, 32 Cal.App.5th at pp. 977-978.) "'[T]he party seeking arbitration bears the burden of proving the existence of an arbitration agreement by a preponderance of the evidence.'" (*Serafin v. Balco Properties Ltd., LLC* (2015) 235 Cal.App.4th 165, 172.)

Here, the existence of an arbitration agreement between Ms. Leeper and Survival Systems was contested. Ms. Leeper claimed that, at the time of her employment, she did not receive the employee handbook or an arbitration agreement. Ms. Nickerson conceded that she did not see Ms. Leeper sign the arbitration agreement, but said she had "no doubt" she had seen Ms. Leeper's signature on the agreement prior to processing Ms. Leeper's first paycheck.

Evidence Code section 1105 states that "[a]ny otherwise admissible evidence of habit or custom is admissible to prove conduct on a specified occasion in conformity with the habit or custom." Defendants contend the trial court erred as a matter of

4

law by relying upon *Hayward Tamkin & Co. v. Carpinteria Inv. Co.* (1968) 265 Cal.App.2d 617, which held, in the context of a summary judgment proceeding, that "custom and usage is only an instrument of contractual interpretation [citations], [and] may not be used to create a contract." (*Id.* at p. 623.) Defendants complain the trial court improperly excluded their evidence of Ms. Nickerson's custom and habit in obtaining employee arbitration agreements.

It is not clear from the record, however, that the trial court declined to consider defendants' custom and habit evidence. It summarized the testimony of both Ms. Leeper and Ms. Nickerson in its ruling and concluded that neither witness was more credible than the other. The court did not expressly exclude Ms. Nickerson's evidence of her custom and habit regarding employee arbitration agreements. It simply did not find her testimony any more credible than Ms. Leeper's testimony.

Even if we assume the trial court did exclude Ms. Nickerson's testimony regarding custom and habit, defendants have failed to demonstrate prejudice. To prevail on appeal, defendants must establish that the evidence, if considered, would have compelled a finding in their favor *as a matter of law*. (*Juen, supra*, 32 Cal.App.5th at pp. 978-979; *Fabian, supra*, 42 Cal.App.5th at pp. 1066-1067.) They have failed to do so. Their evidence was not uncontradicted and unimpeached. Nor was it of a weight and character as to leave no room for an alternative finding. (See *Juen*, at pp. 978-979.)

"Although public policy favors arbitration in general, we will not infer that the right to a jury trial has been waived absent a clear agreement to submit the dispute to arbitration." (*Kleveland v. Chicago Title Ins. Co.* (2006) 141 Cal.App.4th 761,

764.)  To prevail on appeal, defendants were required to show that their evidence compelled a finding that the parties agreed to submit the dispute to arbitration.  Notwithstanding defendants' assertions to the contrary, Ms. Nickerson's testimony does not compel such a finding.

## DISPOSITION

The order denying the petition to compel arbitration is affirmed.  Ms. Leeper shall recover her costs on appeal.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.

TANGEMAN, J.

6

Henry J. Walsh, Judge
Superior Court County of Ventura
_____


Pachowicz Goldenring, Mark Pachowicz, on behalf of Defendants and Appellants.

Glenn J. Campbell, on behalf of Plaintiff and Respondent.